# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CORNELIUS CLEMONS,**

    **Plaintiff,**

                          **Civil Action 2:18-cv-1217**

   v.                         **Chief Judge Edmund A. Sargus, Jr.**
                             **Magistrate Judge Chelsey M. Vascura**

**THE OHIO STATE UNIVERSITY,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Cornelius Clemons, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) and **TERMINATE AS MOOT** Plaintiff's pending motions. (ECF Nos. 5, 6, and 7.)

# I. BACKGROUND

Plaintiff has filed several related cases, all of which ultimately arise from his dissatisfaction that the Ohio Bureau of Workers' Compensation ("BWC") denied his claims for injuries he suffered during the course of his employment. In his fifth of these cases, Magistrate Judge Kemp summarized Plaintiff's litigation history in this Court as follows:

> A short background is in order. On March 14, 2017, Mr. Clemons filed a complaint against the Ohio Bureau of Workers' Compensation ("BWC"), its Administrator, Stephen Buehrer, and its Board of Directors. In his complaint, Mr. Clemons alleged that the State of Ohio is contractually obligated to pay him $1,829,078.00 in damages arising from an injury which occurred in the course of his employment and which was acknowledged in BWC claim number 10-858586. Mr. Clemons asserted that Defendants' failure to compensate him was a breach of contract and a violation of his constitutional rights, and he asked for compensatory damages and/or a writ of mandamus ordering the BWC to pay him $1,829,078.00. He also moved for leave to proceed *in forma pauperis*, which triggered a duty on the part of this Court, under 28 U.S.C. §1915(e)(2) to screen the case to determine if it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Finding that because this Court had previously decided that it lacked jurisdiction over Mr. Clemons' claims, see Clemons v. Ohio Bureau of Workers' Compensation, 2015 WL 2365603 (S.D. Ohio May 15, 2015), adopted and affirmed 2016 WL 47878 (S.D. Ohio Jan. 4, 2016), aff'd Clemons v. Ohio Bureau of Workers Compensation, et al, No. 16-3095 (August 18, 2016) - and had also decided, in Clemons v. Ohio Bureau of Workers Compensation, 2016 WL 5914205 (S.D. Ohio Oct. 11, 2016), adopted and affirmed 2017 WL 666124 (S.D. Ohio Feb. 17, 2017), that *res judicata* barred the re-filing of his claims, the Court issued a Report and Recommendation recommending that the case be dismissed. See Clemons v. Ohio Bureau of Workers' Compensation, Case No. 2:17-cv-213 (S.D. Ohio Apr. 11, 2017)(Doc. 5).
>
> Mr. Clemons objected to the Report and Recommendation. Before the Court could rule on his objection, however, he voluntarily dismissed that case. One week later, he filed this action, making essentially the same claims which he has now advanced in five separate filings (he also filed a complaint on February 28, 2017, which was assigned Case No. 2:17-cv-175, and then dismissed that complaint before the Court could rule on his motion for leave to proceed *in forma pauperis*).

*Clemons v. Ohio Bureau of Workers Comp.*, Case No. 2:17-cv-501 (the "501 Case"), Report & Rec., ECF No. 6 at 1-2. Magistrate Judge Kemp recommended that the Court dismiss the 501

Case on *res judicata* grounds and that Plaintiff's access to file any further cases based on his workers' compensation claim be limited. *Id*. at 2-3. On September 19, 2017, the Court adopted the Report and Recommendation, dismissed the case, and ordered that before any party be required to respond to any further cases Plaintiff filed relating to his worker's compensation claims, a Magistrate Judge must determine that a good faith basis exists for the claims advanced. (501 Case, ECF No. 16 at 4-5.)

Thereafter, on May 18, 2018, Plaintiff filed a Complaint for Writ of Mandamus in the Ohio Supreme Court against Governor John Kasich, seeking an order compelling payment of the worker's compensation benefits he maintains he is due as a result of his work-related injury. (*See* Compl. for Writ of Mandamus, ECF No. 1-1 at PAGEID # 39.) When Governor Kasich moved to dismiss the mandamus action, Plaintiff filed yet another case in this Court, this time against Governor Kasich, Case 2:18-cv-954 (the "954 Case"), arguing that Governor Kasich violated his constitutional rights by moving to dismiss. Upon review of Plaintiff's Complaint, Magistrate Judge Jolson recommended dismissal pursuant to § 1915(e)(2) on a number or grounds, including failure to state a claim, reasoning, "[t]he Court is unaware of any case holding that such litigation tactics violate another's constitutional rights." (954 Case, Report & Rec., ECF No. 7 at PAGEID ## 518-19.) The Court adopted the Report and Recommendation and dismissed the 954 Case on October 2, 2018. (954 Case, ECF No. 9.)

Plaintiff filed the instant action on October 12, 2018. Plaintiff's allegations in this action essentially mirror those in the 954 Case.

## II. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   *  *  *
>
> (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

### III. ANALYSIS

The undersigned concludes that the doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's federal claims against Defendant Kasich. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction;

5

(2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 954 Case. As set forth above, in the 954 Case, the Court dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2). A court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)). Thus, the undersigned concludes that the doctrine of *res judicata* operates to bar the federal claims that Plaintiff asserts against Defendant in the instant action. Based upon this conclusion, the undersigned recommends dismissal of these claims and this action pursuant to § 1915(e)(2).

## IV. VEXATIOUS LITIGATOR RECOMMENDATION

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). The Sixth

Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

Given that this is the *seventh* lawsuit Plaintiff has filed and the sixth recommended dismissal, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system.  It is further **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## V.    DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**.  (ECF No. 1.) For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted and **TERMINATE AS MOOT** Plaintiff's pending motions.  (ECF Nos. 5, 6, and 7.)

In addition, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system.

Finally, it is **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations  to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or  modify, in whole or in part, the findings or recommendations made herein, may receive further  evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. §  636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of  the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140  (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE