# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CORNELIUS CLEMONS,**

    **Plaintiff,**

v.

**GOVERNOR JOHN KASICH,**

    **Defendant.**

Case No. 2:18-cv-1217
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Cornelius Clemons' ("Plaintiff") Objection (ECF No. 11) to the Magistrate Judge's Report and Recommendation (ECF No. 10). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection (ECF No. 11) and **ADOPTS** the Report and Recommendation (ECF No. 10).

### I.

Plaintiff, proceeding *pro se*, initiated this action on October 12, 2018. (ECF No. 1). This action is the seventh case filed by Plaintiff regarding the denial of his Ohio Bureau of Workers' Compensation claim. This Court adopted a Report and Recommendation and dismissed Plaintiff's first case on January 4, 2016. *Clemons v. Ohio Bureau of Workers Compensation*, 2016 WL 47878, at *1 (S.D. Ohio Jan. 4, 2016). Plaintiff voluntarily dismissed his second case before the Court could rule on his motion for leave to proceed *in forma pauperis*. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:17-cv-175 (S.D. Ohio Mar. 1, 2017) (ECF No. 4). Plaintiff also voluntarily dismissed his third complaint after the Court issued a Report and Recommendation recommending that his case be dismissed. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:17-cv-213 (S.D. Ohio Apr. 11, 2017) (ECF No. 5).

After Plaintiff asserted a fourth claim, the Court adopted a Report and Recommendation recommending that Plaintiff's case be dismissed on *res judicata* grounds. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:17-cv-501 (S.D. Ohio Sept. 19, 2017) (ECF No. 16). Plaintiff filed his fifth complaint on May 18, 2018, seeking a Writ of Mandamus in the Ohio Supreme Court against Governor John Kasich. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:18-cv-1217 (S.D. Ohio May 18, 2018) (ECF No. 1-1). Plaintiff then filed a sixth complaint arguing that Governor Kasich violated his constitutional rights by moving to dismiss. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:18-cv-954 (S.D. Ohio Sept. 11, 2018) (ECF No. 6). The Court dismissed the 954 Case on October 2, 2018, adopting the Magistrate Judge's Report and Recommendation. (954 Case, ECF No. 9).

The current action mirrors Plaintiff's 954 Case. Plaintiff again seeks a Writ of Mandamus against Governor Kasich for payment of Workers' Compensation. (ECF No. 1-1). The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis* and recommended that Plaintiff's claim be dismissed under the doctrine of *res judicata*. (ECF No. 10). In addition, the Magistrate Judge recommended that the Court deem Plaintiff a vexatious litigator and enjoin him from filing future actions without proof of a good faith basis for his claim. (ECF No. 10). Plaintiff objected, arguing: (1) the Magistrate Judge's conclusion is not supported by its findings and is contrary to law; (2) the Magistrate Judge improperly captioned the case; and (3) Plaintiff did not reassert the same claims, causes of action, and injuries as those alleged in the 954 Case. (ECF No. 11).

**II.**

The doctrine of *res judicata*, or claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). According to the Sixth Circuit, the application of *res*

2

*judicata* requires proof of four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action, and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

### III.

Initially, the Court notes the Magistrate Judge's recommendation to dismiss Plaintiff's action is consistent with its finding of claim preclusion. Where there is a final judgment on the merits, the doctrine of *res judicata* "bars further claims by parties or their privies." *Montana*, 440 U.S. at 153. Accordingly, the Report and Recommendation is not contradictory to the Magistrate Judge's findings, or contrary to law.

Second, Plaintiff's objection regarding a scrivener's error in the case caption lacks merit. Such a minor typographical error has no bearing on whether Plaintiff's claims are sufficient under 28 U.S.C. § 1915(e)(2). In *Wheeler v. Dayton Police Dept.*, 2012 WL 3234415, at *1 n.1 (S.D. Ohio Aug. 7, 2012), this Court disregarded a typographical error in the case caption, finding that "documents captioned in this [incorrect] manner are still considered to be a part of the case." Other district courts in the Sixth Circuit have reached similar conclusions. *See Williams v. Olson*, 2017 WL 4699282, at *1 (W.D. Mich. Oct. 19, 2017) (Overruling plaintiff's objection to a Report and Recommendation, stating "[t]he third objection is of no legal consequence—a computer-generated error created the erroneous case caption"). *See also May v. Ruyan*, 2008 WL 324223, at *2 (E.D. Mich. Feb. 5, 2008) (Ignoring a misstatement of the

parties' names in a case caption, noting the "unfortunate scrivener's error in the Court's order . . . does not constitute a palpable defect by which a different disposition would occur").

Finally, the Court disagrees with Plaintiff's argument that he did not reassert the same claims, causes of action, and injuries as those previously alleged in the 954 Case. Despite Plaintiff's objections, all four elements of *res judicata* are met.

First, a final decision was issued on the merits in the 954 Case. (Opinion and Order, ECF No. 9; Judgment, ECF No. 10). Second, this case constitutes a subsequent action between the same parties. According to Plaintiff, the Magistrate failed to identify that "in the District Court Case No. 2:18-cv-954, John Kasich is sued in his Individual Capacity as Governor; versus in District Court Case No. 2:18-cv-1217 Governor John Kasich is sued in his Official Capacity." (Pl.'s Objections at 34). As Plaintiff accurately points out, *res judicata* does not bar claims against defendants in their individual capacities where they were previously sued in their official capacities. *Wilkins v. Jakeway*, 183 F.3d 528, 530 (6th Cir. 1999). However, the Court fails to see how a person sued in his "Individual Capacity as Governor" is not being sued in his official capacity. The title "Governor" invokes the holder's official capacity by its very nature. Accordingly, the actions are against the same party.

Third, both the 954 Case and the instant action involve Plaintiff's request for a Writ of Mandamus. Therefore, an issue exists which should have been litigated in the prior action. Fourth, there is an identity of the causes of action. Plaintiff objects to the Magistrate Judge's finding that Plaintiff reiterates the same claims in this action. (Pl.'s Objection at 10). He argues the present case raises a new claim for injunctive relief pursuant to "COTUS Fifth Amendment's Just Compensation Clause." (*Id.*).

4

Yet the Sixth Circuit rejected this theory in *Sanders Confectionary Products, Inc., v. Heller Financial, Inc.*, 973 F.2d 474 (6th Cir. 1992), holding that an identity of the causes of action means an "identity of facts creating the right of action and of the evidence necessary to sustain each action." Citing *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Because all the claims were based on the *Sanders* defendant's "behavior in making and administering its loan," the Court found the claims identical for purposes of satisfying *res judicata*. *Sanders*, 973 F.2d at 484. Here, all of Plaintiff's past and present claims arise out of his denial of Workers' Compensation benefits. Accordingly, there is an identity of claims. Finding the Magistrate Judge properly applied the elements of *res judicata*, the Court overrules Plaintiff's objections. (ECF No. 11).

Moreover, the Court finds the Magistrate Judge's recommendation to deem Plaintiff a vexatious litigator appropriate. Federal courts may take steps necessary to "protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 10, 2007). Furthermore, the Sixth Circuit has upheld prefiling restrictions against vexatious litigators. *See Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

In the case *sub judice*, Plaintiff has brought seven suits regarding the denial of his Workers' Compensation benefits. Moreover, the Magistrate Judge has recommended dismissal six times. Plaintiff's insufficient claims continue to tax judicial resources. Consequently, the imposition of prefiling restrictions is prudent.

## IV.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 11) and **ADOPTS** the Magistrate Judge's Report and Recommendations (ECF No. 10). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 1). Plaintiff's case is **DISMISSED** pursuant to 28 U.S.C. § 1951(e)(2) for failure to state a claim on which relief may be granted. Plaintiff's pending motions are **DISMISSED AS MOOT**. (ECF Nos. 5, 6, 7).

In addition, Plaintiff is **DEEMED A VEXATIOUS LITIGATOR** and is hereby **ENJOINED** from filing any new actions without either: **(a)** submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating there is a good faith basis for the claims Plaintiff seeks to assert; or **(b)** tendering a proposed complaint for review by this Court prior to filing.

The Clerk is **DIRECTED** to close the case in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

12-11-2018
**DATE**

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE